IN THE UNITED STATES COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>JOHN LARETT,<br><br>Defendant. | MEMORANDUM DECISION AND ORDER DENYING MOTION FOR TRANSCRIPTS<br><br><br><br>Case No. 2:06-CR-20 TS |

In preparation for a possible § 2255 Motion, Defendant requests copies of the sentencing transcript, the plea agreement, the grand jury trial minutes, and any and all discovery materials. The Court notes that the latter two requests are not part of the record in this case. Defendant seeks to proceed in forma pauperis. Defendant admits that equitable tolling will not apply but asserts that he will rely on actual innocence and ineffective assistance of counsel.

Defendant was sentenced on April 26, 2007. There was no appeal. The present Motion was filed on June 27, 2011, over four years after his conviction. Any claim for

1

habeas relief under 28 U.S.C. §2255 must be filed within one year.[1]  Defendant states that equitable tolling does not apply.  However, if his claim is for actual innocence, equitable tolling may, under very limited circumstances, apply.[2]

Defendant does not state how the requested materials relate to his potential claim for actual innocence.  Instead, Defendant requests them to show deprivation of his constitutional rights at the plea hearing and sentencing phase, matters relating to his claim of ineffective assistance of counsel.  The Court notes that the record in this case does not contain grand jury transcripts or any discovery material, so they could not be obtained from the record regardless of the nature of the claim.

Because the statute of limitations for filing a § 2255 challenge to his conviction has long passed, and because Defendant does not allege how the requested transcripts relate to any claim of actual innocence, the Court will deny the Motion.  It is therefore

---

[1] 28 U.S.C. § 2255(f) (one-year statute of limitations for § 2255 motions).

[2] *See Robinson v. Ledezma,* 399 Fed. Appx. 329, 330 n.1 (10th Cir. 2010) (unpublished case noting that "the limitations period in §2255(f) is subject to equitable tolling for various reasons, including the actual innocence of the defendant).  The Court finds that this unpublished case is helpful due to the lack of clear case law on this issue.

ORDERED that Defendant's pro se Motion for Sentencing Transcript Without Prepayment (Docket No. 49) is DENIED with out prejudice to its renewal in the context of a § 2255 petition alleging actual innocence or other grounds for equitable tolling of the limitations period in §2255(f).

DATED   July 13, 2011.

BY THE COURT:

_____
TED STEWART
United States District Judge